

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

February 14, 1947

Honorable Charles T. Banister
County Attorney
Navarro County
Corsicana, Texas

Opinion No. V-14

Re: Authority of county tax
assessor-collector, or
deputies, to retain notary
fees for affidavits exe-
cuted under Section 33 of
the Certificate of Title
Act, and related matters.

Dear Mr. Banister:

Your recent request for an opinion reads as follows:

"I have been requested by the County
Judge of Navarro County to obtain an opin-
ion from you as to whether or not the Coun-
ty Tax Assessor & Collector of this County
and/or his employees can legally retain for
themselves (individually, the person taking
the acknowledgment retaining all of the 25¢
fee) a notary fee of 25¢ charged each appli-
cant for a certificate of title or re-issu-
ance thereof in addition to the 50¢ provided
in Article 1436-1, Sec. 57, Texas Penal Code,
in view of Art. 9780, Texas Penal Code.

"The County Judge raises the same ques-
tion as to a fee of $15.00 charged candidates
in election years by the Tax Assessor & Col-
lector and/or his employees for poll lists
that have been compiled by the collector and
his employees at times other than during busi-
ness hours.

"The question is on both of the above
situations whether such 25¢ notary fee and
$15.00 charge for poll lists, if legally charg-
eable, should be turned over to the County as
fees of office, in view of Art. 9780, Penal
Code."

You ask in your request if such fees may be retained in view of Article 978c, Penal Code (House Bill No. 80). In an opinion rendered on November 9, 1945, numbered O-6908, this department ruled that the provisions of House Bill No. 80, Acts 49th Legislature, 1945 (Article 978e, Penal Code) were unconstitutional. Therefore, your question must be answered within the meaning of Article 7246a, Vernon's Annotated Civil Statutes, and Section 33 of Article 1436-1, Penal Code.

Article 7246a, Vernon's Annotated Civil Statutes, provides in substance as follows:

"Sec. 1. The Assessor and Collector of Taxes, Sheriff or Sheriff and Assessor and Collector of Taxes, are hereby authorized and empowered to administer all oaths necessary for the discharge of the duties of their respective offices and to administer all oaths required for the transaction of the business of their respective offices, provided that in counties containing a population of five hundred thousand (500,000) or more inhabitants according to the last preceding or any future Federal Census, such Assessors and Collectors of Taxes and their Deputies are expressly authorized to administer oaths or affidavits as to the facts concerning the use of any real property which may be claimed to be exempt in whole or in part from State taxation, as constituting a homestead under the Constitution of the State of Texas, and any oath or affidavit covering any bill of sale and application for transfer of a motor vehicle or trailer, or application for a certificate of title concerning any motor vehicle, or affidavit and application to register a rebuilt motor vehicle, or notice of the installation of a new or different motor in any motor vehicle, or affidavit concerning the weight of any motor vehicle, or affidavit with reference to the application for the registration of any light delivery truck, motor bus, semitrailer, or trailer, or application for the replacement of number plates, or affidavit as to the weight and application for the registration of a commercial farm truck, or affidavit and appli-

eation for the reregistration of a motor vehicle that has not been used for the current registration year, when any such rendition, inventory, application, or instrument above mentioned is required to be filed in the office of such Assessor and Collector of Taxes, and any other instrument that may be filed in said office, or that may relate to the business or duties of said office whenever the same is or may be required by law to be sworn to, provided that such Assessor and Collector of Taxes shall charge and collect as a fee of office, in addition to any other fees that he may now be authorized by law to charge, in connection with such instruments, the sum of Twenty-five (25) Cents for each such oath or affidavit as he, or his Deputies, may administer, which shall be and constitute a fee of office, and for which he shall account as he is now or may hereafter be required by law to account for any other fee of office, such Assessors and Collectors of Taxes, and their Deputies, being hereby given the same right to administer all such oaths or affidavits as are notaries public under the laws of the State of Texas; provided no fee shall be charged for any oath or affidavit connected with the rendition of any property for taxation."

Section 33 of Article 1436-1, Penal Code, provides as follows:

"No motor vehicle may be disposed of at subsequent sale unless the owner designated in the certificate of title shall transfer the certificate of title on form to be prescribed by the Department before a Notary Public, which form shall include, among such other matters as the Department may determine, an affidavit to the effect that the signer is the owner of the motor vehicle, and that there are no liens against such motor vehicle, except such as are shown on the certificate of title and no title to any motor vehicle shall pass or vest until such transfer be so executed."

An examination of the above authorities reveals that the affidavit required under the provisions of Section 33, of the Certificate of Title Act, must be executed by a notary public and may not be executed by the tax assessor and collector in his official capacity. Moreover, those services contemplated by Article 7246a are official duties authorized by law, and if a fee is authorized and collected in the official capacity of a tax assessor-collector, it must be accounted for as a fee of office. (Harris County vs. Hall, 172 S. W. (2) 691). However, in those counties having a population of less than five hundred thousand inhabitants, we do not find any statutory provision authorizing the tax assessor-collector, or his deputies, to charge any fee for taking and certifying affidavits he is authorized to administer under Article 7246a. In view of the foregoing authorities, it will be seen that a notary executing an affidavit under Section 33 of the Certificate of Title Act does so in his individual capacity, but those services relating to oaths rendered under Article 7246a are rendered as official duties of the office. Inasmuch as your county has a population of less than five hundred thousand inhabitants, no fee would be authorized for those services performed pursuant to Article 7246a, relating to the administration of oaths. Generally, unless a fee is prescribed by statute for official services, none may be charged.

In the case of Moore vs. Sheppard, 192 S. W. (2) 559, the Supreme Court stated:

"The clerks of the Courts of Civil Appeals are not entitled to receive extra compensation for services performed within the scope of their official duties prescribed by law. The general principle prohibiting public officials from charging fees for the performance of their official duties does not prohibit them from charging for their services or acts that they are under no obligation under the law to perform.

"There being no statutory duty requiring petitioner to furnish uncertified, unofficial copies of opinions of the Courts of Civil Appeals, no statute fixing any fee for such services, and no valid statute requiring that money received therefor be de-

posited in the State treasury, there is
no debt owing by petitioner to the state."

Therefore, in the absence of statutory auth-
ority prohibiting the same, it is the opinion of this
department that a tax assessor-collector, or deputy, act-
ing in the capacity of a notary public, would be entitled
to the notary fee for notarizing an affidavit under Sec-
tion 33 of the Certificate of Title Act, provided such
service rendered as a notary public does not interfere
with the discharge of those duties imposed upon him by
law.

You ask the further question as to whether
a fee of $15.00 charged candidates in election years
for the preparation of a poll tax list, may be retained
by the tax assessor-collector, or deputy, if prepared
during off-duty hours. We know of no statutory provi-
sion making it an official function of the tax-assessor-
collector, or deputy, to prepare such a poll tax list
for private distribution. As stated in the case of
Moore vs. Sheppard, supra, "the general principle pro-
hibiting public officials from charging fees for the
performance of their official duties, does not prohibit
them from charging for their services for acts that they
are under no obligation, under the law, to perform."
Therefore, in the absence of a statutory prohibition,
the tax assessor-collector of your county may retain
the fee for the preparation of a poll tax list, compiled
in off-duty hours, if the same does not interfere with
the discharge of those duties imposed upon him by law.
There is no authority to the effect that such fee is a
fee of office for which the tax assessor-collector would
be accountable. The practicability of this procedure
is, more or less, determined by each individual tax as-
sessor-collector, and, if practiced, the fee for the
preparation of such list may be retained.

We are enclosing a copy of Opinion No.O-
6908 for your information.

## SUMMARY

A tax assessor-collector, or deputy,
acting in his individual capacity as a no-
tary public, may retain the notary fee for
affidavits executed under Section 33, Cer-
tificate of Title Act; and, in the absence
of a statutory prohibition, may retain the

fee charged for the preparation of a poll tax list, compiled in off-duty hours, if the same does not interfere with the discharge of these duties imposed upon him by law. (Harris County vs. Hall, 172 S. W. (2) 691; Moore vs. Sheppard, 192 S. W. (2) 559; Section 35, Article 1436-1, Penal Code.)

Very truly yours,

ATTORNEY GENERAL OF TEXAS

By Burnell Waldrep
Assistant

BW:WB
Encl.

APPROVED
OPINION COMMITTEE

BY: BWB
Chairman

APPROVED FEBRUARY 14, 1947

ATTORNEY GENERAL OF TEXAS